AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>ALTON WAYNE COPE, III<br><br>*Defendant(s)* | Case No.  3:24-mj-1320-PDB |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 2, 2024,__ in the county of __St. Johns__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Convicted Felon |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

MARK MUTZ, SPECIAL AGENT, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/2/2024

_____
*Judge's signature*

PATRICIA D. BARKSDALE, MAGISTRATE JUDGE
*Printed name and title*

City and state: Jacksonville, FL

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT

I, Mark Andrew Mutz, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives, and have been so employed since September of 2014. I am presently assigned to the Jacksonville, Florida Field Office. Prior to being assigned to the Jacksonville Field Office, I was a certified law enforcement officer with the City of Brentwood, Tennessee Police Department for approximately one year. I am a graduate of the Tennessee Law Enforcement Training Academy, Federal Law Enforcement Training Center Criminal Investigator Training Program, and ATF Special Agent Basic Training Academy. My duties and responsibilities include investigating violations of Federal Firearms Law and the Controlled Substances Act. During my career, I have conducted and participated in investigations involving violations of federal firearms laws, criminal narcotics statutes, and other laws, including prohibited person in possession of a firearm, carrying a firearm in furtherance of a drug trafficking offense, unlawful possession with intent to distribute controlled substances, and other various acts in violation of Titles 18 and 21 of the United States Code.

2. I have become familiar with and have participated in the normal methods of investigation, including, but not limited to, electronic surveillance,

questioning of witnesses, obtaining search warrants, use of confidential informants, presenting evidence to a federal grand jury, debriefing witnesses, suspect interrogations, and in-depth investigations into methods common among prohibited persons in obtaining firearms. I have conducted investigations concerning the identification of co-conspirators using electronic surveillance, physical surveillance, telephone records and financial records. While working as an ATF Special Agent, I have applied for, and participated in the execution of, search and seizure warrants pertaining to the seizure of contraband and evidence, including warrants resulting in the seizure of firearms, illegal drugs, drug paraphernalia, drug records, and proceeds of drug trafficking. I have debriefed defendants, informants, and witnesses who possessed personal knowledge of drug and firearms trafficking. Through these debriefings and my training and experience in firearms and drug investigations, I have become familiar with drug and firearms traffickers' methods of operation, including methods of distribution, storage, and transportation of firearms, ammunition, and firearms accessories. I have also learned that drug users and firearms traffickers often possess, use, or purchase firearms in order to protect the narcotics and themselves from potential threats to their operation.

    3.    The information contained in this affidavit is based upon my personal knowledge derived from my participation in this investigation, my review of reports on matters related to this investigation, the review of information and statements made to me by members of the Florida Department of Law Enforcement (FDLE) and other federal and local law enforcement agencies.

4. I make this affidavit in support of an application for issuance of a criminal complaint for Alton Wayne COPE III (COPE III), charging him with knowingly possessing a firearm while being a convicted felon, in violation of 18 U.S.C. § 922(g)(1). This affidavit does not include all facts and evidence known to me, but rather contains facts and evidence sufficient to support the issuance of a criminal complaint.

## Statutory Authority

5. Based on the investigation, described more fully below, there is probable cause to believe that on or about June 28 and July 2, 2024, COPE III, a convicted felon, has unlawfully possessed firearms, in violation of 18 U.S.C. § 922(g)(1).

6. I know that 18 U.S.C. § 922(g)(1) provides that it is "unlawful for any person to…who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year…to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

7. As part of the investigation, I have reviewed the audio/video recordings from FDLE of an attempted controlled purchase that occurred on June 28, 2024. I have spoken with FDLE SA Rob Sammons, who was present at the attempted controlled purchase on June 28, 2024. Information regarding the June 28, 2024, incident has been described below based on the reports from SA Sammons,

3

conversations with SA Sammons, and review of the audio/video recordings. I participated in the controlled purchase conducted on July 2, 2024, in a surveillance capacity. In addition, I have watched the audio/video recordings of the controlled purchase from July 2024. I have listened to all recorded phone calls between the Confidential Informant (CI) and COPE III that are discussed below. I have also read the text message exchanges between the CI and COPE III that are discussed below.

8. On June 12, 2024, FDLE SA Sammons began a proactive investigation into COPE III for suspected violations of federal firearms laws. A CI[1] previously identified COPE III as a possible dealer of firearms. SA Sammons told me that the CI obtained COPE III's phone number after an investigative tip was provided to FDLE Agents. SA Sammons also told me that the tip included information that COPE III was believed to be selling illicit pills and firearms. The tip included the phone number of (904) 806-2000 for COPE III. This phone number was provided to the CI who conducted a controlled call to the number to arrange a purchase. After reviewing the controlled calls from COPE III, SA Sammons authorized a controlled purchase.

---

[1] The CI had previously cooperated with an ATF investigation and provided credible information that was later corroborated during the arrest and conviction of a defendant. The CI has provided reliable and credible information for multiple FDLE investigators for over fifteen years. The CI was monetarily compensated for participating in this investigation.

4

### June 28, 2024 – Attempted purchase of a firearm

9. I have reviewed the audio/video recordings and reports drafted about this attempted purchase that were provided by SA Sammons. I have also spoken with FDLE Agents about this attempted purchase.

10. On June 28, 2024, a controlled call was placed by the CI to COPE III, via his previously mentioned phone number. During the call, COPE III advised the only gun he currently had available to sell was an "Uzi."[2] COPE III then sent the CI a video clip of a person shooting a fully automatic handgun, believed to be the "Uzi" COPE III was advertising for sale. COPE III then sent the CI four pictures of the "Uzi" that was being held by COPE III. FDLE Agents believed the person holding the firearm to be COPE III based on the unique tattoo of a panther on the holder's arm. The tattoo was observed in an image of COPE III's right arm holding the firearm that was sent to the CI by COPE III via text message. The same tattoo was also observed on COPE III's right arm on recorded video from a controlled purchase on June 12, 2024. Additionally, I later learned from St. Johns County Sheriff's Office Intelligence Investigators that COPE III has a tattoo of a panther on his right arm, and a photograph of the tattoo was taken in January of 2018. The decision was made to purchase the "Uzi" from COPE III.

---

[2] I know based on my training and experience that the term "Uzi" is commonly used by individuals to refer to a small, pistol caliber carbine or submachinegun. As later learned in this investigation, the purchased firearm was not actually produced by the Israeli firearm manufacturer UZI.

5



Photo sent to the CI of COPE III holding the "Uzi."

11.     According to SA Sammons's report, the CI went to COPE III's residence, which is in St. Johns County in the Middle District of Florida. COPE III and a family member (Family Member 1) exited the residence and met with the CI at their vehicle. COPE III sat in the front passenger seat of the CI's vehicle while in possession of the "Uzi." Per the audio/visual recording, COPE III reiterated the only thing he currently had for sale in his possession was "this Uzi, and it costs $1,900.00."

12.     The CI advised COPE III that he had traveled all the way from Georgia and COPE III was supposed to have the guns ready when the CI arrived. COPE III told the CI that he had three firearm sources of supply, which included a source of supply that is in the Nocatee area. COPE III further advised he had access to all the guns that he had sent the CI pictures of; however, COPE III had to get them from his

6

Nocatee supplier, and it would take a few hours for COPE III to go get the guns and bring them back. COPE III stated that he was waiting on "his buddy" to come pick him up so they could go get the firearms. At the direction of agents, the CI advised COPE III that the CI would be back on Tuesday, July 2, 2024, to buy all the guns when COPE III had everything in order. The CI then departed COPE III's residence and returned to meet with agents.



Photo of COPE III with the "Uzi" on June 28, 2024.

## July 2, 2024 – Purchase of Five Firearms

13. On July 2, 2024, ATF Agents from the Jacksonville Field Office and Investigators with FDLE Tri-County Narcotics Task Force participated in an operation to purchase firearms from COPE III. During the operation, the CI purchased five firearms and ammunition from COPE III and Family Member 1. Prior to the purchase, the CI conducted several controlled phone calls with COPE III via his previously mentioned phone number. COPE III agreed to sell the CI four firearms for a price of $5,200.00 at COPE III's residence.

7

14. I provided the CI with $6,000.00 in ATF funds for the purchase. Prior to the CI departing, the CI received an unexpected phone call from COPE III, which was not recorded but was overheard by me and other investigators. During the call, COPE III asked about the CI's arrival and said that he was ready to conduct the transaction. The CI responded that the CI was en route to COPE III's residence. The CI also explained to COPE III that the CI had $6,000.00 to spend and requested an additional firearm. COPE III stated that he would "see what he could do".

15. When the CI arrived at COPE III's residence, COPE III began talking with the CI while Family Member 1 began placing the firearms into the CI's vehicle. Family Member 1 handed the CI a Tec-9 style pistol, which was previously identified as the "Uzi." This pistol had previously been observed by investigators in the possession of COPE III and Family Member 1 in the recorded video from the attempted purchase on June 28, 2024. The pistol also appeared to be the same pistol observed in photos sent to the CI from COPE III's phone number prior to the June 28, 2024, purchase. In the video of the July 2, 2024, controlled purchase, COPE III is observed carrying and placing a Diamondback Arms, AR-style, pistol in the CI's front passenger seat before he collected the money from the CI.



Photo of COPE III holding the Diamondback Arms pistol on July 2, 2024.

16. COPE III instructed Family Member 1 to retrieve an additional ".45" from the residence and bring it to the CI's vehicle. Shortly after COPE III finished counting the money, the transaction ended, and the CI left the residence to meet with Agents.

17. The purchased firearms and ammunition were further identified as:

- A Glock, Model 30, .45 Caliber pistol, SN: ZYE624;
- A Century Arms, Model VSKA, 7.62x39mm pistol, SN: SV7021303;
- An Intratec, Model AB10, 9mm pistol, SN: A028331[3];
- A German Sports Guns, Model GSG-522, .22 pistol, SN: A697464;
- A Diamondback Arms, Model DB-15, SN: DB2938308; and
- Assorted ammunition loaded in the firearms.

18. I conducted a records check through the National Crime Information Center on each of the firearms. The search revealed that the Glock pistol had been

---

[3] This is the same firearm previously identified by COPE III as the "Uzi," and is the firearm the CI attempted to purchase on June 28, 2024.

9

reported stolen out of Duval County, FL in 2020. The other firearms purchased by the CI were traced back to other individuals.

### Further Investigation

19. I have spoken with ATF Special Agent Jason Slosson, who is a certified interstate nexus expert and is trained to examine firearms to determine their origin and status as to travel in interstate and/or foreign commerce. Agent Slosson drafted a report, which I have reviewed, to document his findings that each of the firearms listed in this affidavit did travel in and affect interstate commerce.

20. A query of law enforcement databases and court records from the State of Florida revealed COPE III is a multi-time convicted felon for, including but not limited to, possession of a firearm by a convicted felon and possession of cocaine on or about April 7, 2003.

### CONCLUSION

Based on the facts and observations contained in this Affidavit, there is probable cause to believe that Alton COPE III, a convicted felon, unlawfully

possessed firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

_____
Mark Andrew Mutz, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed and sworn to before me, on this 2d day of August, 2024.

_____
PATRICIA D. BARKSDALE
UNITED STATES MAGISTRATE JUDGE

11